## Shepherd, Croan & Co. et al. v. Templeman's Admr.

(Decided April 25, 1911.)

Appeal from Todd Circuit Court.

Timber—Interruption of Removal Of—Diligence—Measure of Damage.—Where T, by the erection of a fence interrupted the removal of appellant's timber upon the idea that its contract for removing it had expired, the measure of damages was what would have been received for it in the market, provided reasonable care was taken in delivering it, and what was received for it after it was released by T. If this diligence was used and the price fell, appellant is entitled to this loss in damages, but if it could have been disposed of without loss, appellant is entitled to nothing, and an instruction should have expressed this measure of damages.

PETRIE & STANDARD and S. M. RUSSELL for appellants.

JAS. R. MALLORY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellee's intestate sold appellants the timber on a certain boundary of land in 1906, for the price of $1,500.00. They manufactured the timber into lumber in something like twelve months and were hauling it off the land for shipment in the summer of 1907 when Templeman put a fence across the road and stopped them. Templeman did this upon the idea that the time allowed appellants under the contract for removing the lumber had expired and they had damaged him. The lower court determined, and it is now conceded, that appellants had a reasonable time within which to get the lumber off the ground. There was about 225,000 feet of the lumber. The testimony differs as to the length of time appellants were prevented from removing the timber; appellee's testimony tends to show that they were prevented only two or three weeks, and appellants' tends to show that they were stopped July 20th and were not permitted to haul any more until about October 1st. They say that a panic came about the middle of November and that, as they were prevented from moving the timber for a time, they were not able to get it on the market and sell it before the panic arrived. The court gave the jury one instruction which is, in part, as follows:

"In that event the jury will find for plaintiff,. Shepherd Croan Lumber Co., suing for the use of Geo. E. Wilcox, such a sum in damages as will fairly and reasonably compensate the said plaintiff for any depreciation in the fair market value of said lumber, if any, at said place which resulted while said Templeman was so holding said lumber, if he held it, or while he was refusing to allow the Shepherd Croan Lumber Co. to enter on said premises for the purpose of removing said lumber, not exceeding $1,600.00, the amount claimed therefor."

Appellants objected to this instruction at the time, and argue that it confined the jury to the loss occasioned by the depreciation in the market price of lumber while it was being held by Templeman upon the mill yard; that it was virtually a peremptory instruction as the testimony shows no depreciation in the price during that time. Their complaint was that as they were prevented from removing the lumber they could not get it out and to the market in time to dispose of it before the panic which caused the price of lumber to go down. It seems to us that the instruction does not give the true measure of damages. Appellants were entitled to the difference in the market value of the lumber, or what they would have received for it in the market, by exercising diligence in placing it there, and the price they did receive for it, provided they exercised reasonable diligence in placing it on the market after it was released by Templeman. If appellants used this diligence in disposing of this lumber and suffered a loss by reason of the price going down, then they are entitled to this in damages, but if they could have disposed of it by such diligence without a loss, then they are not entitled to recover anything. (Ironton Lumber Co. v. Wagner, et al. 119 S. W., 197.)

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.